# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11355
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMMY WALTER FUENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-59-1

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jimmy Walter Fuentes pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(1), and was sentenced to 30 months of imprisonment. On appeal, Fuentes argues that the district court's judgment incorrectly reflected that he violated § 1326(b)(2). Thus, he claims that the court believed the statutory maximum sentence to be 20 years, rather than 10 years, and there was "a reasonable probability of a different outcome"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11355

had the court known of the correct statutory maximum. The Government argues that the record does not show that any incorrect understanding of the statutory maximum influenced the court's sentence, but it concedes that the judgment incorrectly reflects that Fuentes violated § 1326(b)(2). Accordingly, it asks this court to reform the judgment to show that Fuentes was convicted under § 1326(b)(1).

Because Fuentes did not object to the judgment's reference to § 1326(b)(2), this court's review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). To establish plain error, Fuentes must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* The parties do not dispute that the court plainly erred by referencing § 1326(b)(2) in the judgment. As for whether the error affected Fuentes's substantial rights, nothing in the record suggests that the 20-year maximum sentence for a violation of § 1326(b)(2) influenced the district court's sentencing decision. Moreover, Fuentes's 30-month sentence did not exceed the 10-year statutory maximum under § 1326(b)(1). *See Mondragon-Santiago*, 564 F.3d at 366-69.

Accordingly, the judgment is AFFIRMED but REFORMED to reflect conviction and sentencing under § 1326(b)(1).